NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE:  PAUL CHAPLIN, PAUL HOWLEY, CHRISTINE MEISINGER-HENSCHEL,**
*Appellants*

---

2017-1478

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 13/588,217.

---

Decided:  February 12, 2018

---

SALVATORE JOSEPH ARRIGO, Arrigo, Lee & Guttman LLP, Washington, DC, argued for appellants.  Also represented by HARRY JOEL GUTTMAN, SCOTT M. K. LEE; LI WESTERLUND, Bavarian Nordic, Inc., Redwood City, CA.

KAKOLI CAPRIHAN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for appellee Andrei Iancu.  Also represented by NATHAN K. KELLEY, THOMAS W. KRAUSE, FRANCES LYNCH.

---

Before PROST, *Chief Judge*, NEWMAN, and MOORE, *Circuit Judges*.

MOORE, *Circuit Judge*.

Paul Chaplin, Paul Howley, and Christine Meisinger-Henschel appeal a Patent Trial and Appeal Board ("Board") decision affirming the patent examiner's final rejection of claims 26–41 of Application No. 13/588,217, claiming priority from November 22, 2001, as unpatentable under the doctrine of obviousness-type double patenting over various claims of U.S. Patent Nos. 6,924,137, 7,056,723, 7,300,658, 7,338,662, 7,445,924, 7,628,980, 7,759,116, 7,964,395, 7,964,396, 7,964,398, 7,695,939, 7,807,146, 7,892,533, 7,897,156, 8,268,327, 8,268,328, and 8,372,622. The issued patents contain claims directed to methods of amplifying and using a particular modified vaccinia Ankara virus ("MVA-BN"). Both parties treat as representative of rejected claims 26–41 the claim to the virus itself, MVA-BN.

Under the doctrine of obviousness-type double patenting, an applied-for patent claim will not be allowed when it claims subject matter that is not patentably distinct from the subject matter claimed in a patent with the same owner. *In re Berg*, 140 F.3d 1428, 1431 (Fed. Cir. 1998). It is undisputed that the "one-way" test for obviousness-type double patenting applies in this case. Under the "one-way" test, an applied-for patent claim will not be allowed if the applied-for claim is obvious over the issued patent claims, absent a terminal disclaimer. *Id.* at 1432.

Appellants sought and received patents with claims directed to various uses of MVA-BN and methods of generating MVA-BN. The first patent issued in 2005; on their face, all patents claim priority from November 22, 2001, or later. Over ten years after the initial filings, Appellants, through continuation and divisional applications, sought coverage for the virus itself. There are no terminal disclaimers as to the patents now cited by the Board.

Some of the claims were rejected for double patenting with patents that have a later priority date. On the facts of this case, there is no allegation or evidence in the record to distinguish the claimed virus from that disclosed in the earlier filings, and no restriction requirement or other formal distinction. Limited to these facts, we affirm the Board's decision.

**AFFIRMED**

COSTS

No costs.